10-4153-ag
Delija v. Holder

BIA
Laforest, IJ
A088 367 168

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand twelve.

PRESENT:
    ROSEMARY S. POOLER,
    PETER W. HALL,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

BESNIK DELIJA,
        *Petitioner,*

        v.                                          10-4153-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Andrew P. Johnson, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Jennifer Williams, Senior Litigation Counsel; Dara S. Smith,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Besnik Delija, a native of the former Yugoslavia and a citizen of Kosovo, seeks review of the September 30, 2010, decision of the BIA affirming the November 26, 2008, decision of Immigration Judge ("IJ") Brigitte Laforest denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Besnik Delija*, No. A088 367 168 (B.I.A. Sept. 30, 2010), *aff'g* No. A088 367 168 (Immig. Ct. N.Y. City Nov. 26, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Delija argues that the IJ's adverse credibility determination was not supported by substantial evidence. Although the government does not raise the issue, it appears that Delija failed to challenge before the BIA any of the specific findings supporting that determination. However,

2

we need not decide whether Delija's arguments were properly exhausted before the BIA, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007), because the IJ's adverse credibility determination was adequately supported by the cumulative weight of the various inconsistencies in the record.

"[W]hen the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision." *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). We review the factual findings of the IJ, including credibility findings, for substantial evidence. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because this case was filed in 2007, we apply the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 303 (2005). *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Under the Act, "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Id.* (internal quotation marks omitted).

In finding Delija not credible, the IJ reasonably relied on several inconsistencies in the record. For example, Delija stated at his border interview that he was afraid to return to Kosovo because car thieves wanted to

3

kill him, but he testified before the IJ that he feared returning to Kosovo because he had been beaten on two occasions for fleeing Kosovo during the war.

Delija also gave varying accounts of those beatings. During his credible fear interview, he claimed that the first beating occurred in June 2006 and that two cars forced his car to stop and masked men dragged him out of his car and kicked him, but he told the IJ that the incident occurred in July, that only one car forced his car to stop, and that he stepped out of the car himself.[1]  There were similar inconsistencies in Delija's account of the second beating. In the credible fear interview, Delija said that while he was working in the woods in September or October masked men suddenly drove up, then hit him, held him upside down, and broke his leg, and that as a result he spent three days in the hospital.  He told the IJ, however, that the second beating occurred in November, that the masked men arrived on foot, that they tied him to a tree and attacked his leg with a saw, and that as a result he spent six days in the hospital.

---

[1]  Moreover, Delija stated that this incident occurred as he and his wife were driving home from dinner at a restaurant, while his family's letters indicated that the incident occurred while they were driving home from lunch.

While Delija offered explanations for some (although not all) of these discrepancies, the IJ was not compelled to accept them, and the cumulative weight of these inconsistencies warranted the IJ in concluding that Delija's testimony was not credible. *See* 8 U.S.C. § 1252(b)(4)(B); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Delija's reliance on our holding in *Secaida-Rosales v. INS*, 331 F.3d 297, 308 (2d Cir. 2003) ("Inconsistencies of less than substantial importance for which a plausible explanation is offered cannot form the sole basis for an adverse credibility finding.  This is especially so when the inconsistencies . . . concern . . . matters collateral or ancillary to the [applicant's] claim.") is unavailing, because, as we have previously recognized, *Secaida-Rosales* was abrogated by the REAL ID Act.  *See Xiu Xia Lin*, 534 F.3d at 163-64.

Accordingly, the IJ's adverse credibility determination was supported by substantial evidence.  That determination provided an adequate basis for denying Delija's asylum, withholding of removal, and CAT claims because those claims were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk